IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| POWELL J. BERNHARDT, IV | : | |
| Alexandria, VA | : | CIVIL ACTION |
|       Plaintiff | : | |
| | : | No. |
|       Vs | : | |
| | : | |
| TIMOTHY WATTS | : | |
| North Carolina | : | |
| | : | |
| CAROLINA SUPREME TRUCKING LLC. | : | |
| North Carolina | : | |
|       Defendants | | |

# COMPLAINT

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §1332.

## PARTIES

2. Plaintiff Powell Bernhardt is an adult resident of Arlington, Virginia.

3. Defendant Timothy Watts, was, at all relevant times, an employee of Carolina Supreme Trucking and a resident of North Carolina.

4. Defendant Carolina Supreme Trucking LLC (Carolina) is a business entity based in North Carolina.

5. At all times relevant hereto, Defendant Carolina, by and through its agents, servants, workmen and/or employees, including Defendant Watts, acting in the course of his employment and within the scope of his authority with the said Defendant and in furtherance of said Defendant's business, owned operated, maintained, service, controlled,

supervised, and possessed the truck involved in the accident hereinafter described.

6. At all times relevant hereto, Defendant Carolina was and is in the business of tracking and/or transporting goods.

7. At all times relative hereto, Defendant Carolina has engaged in a practice of placing corporate profits over public safety to transport products as quickly as possible, putting the safety of motorist second to the financial interests of said Defendants.

8. At all times relevant hereto, Defendant Carolina enforced a policy which recklessly disregarded the interests of motorists on the roadway by pressuring that its trucks and drivers deliver products as quickly as possible in reckless disregard of the safety of motorists on the roadway.

## OPERATIVE FACTS

9. On July 21, 2021, at approximately 10:55 p.m., Plaintiff was lawfully operating his vehicle while traveling north on Interstate 95 in Spotsylvania County, Virginia.

10. At the same time but driving ahead of Plaintiff, Defendant Watts was also driving north on Interstate 95 in Spotsylvania County.

11. Defendant Watts , while working within the scope of his employment for Defendant Carolina, was operating a Carolina owned truck in a careless, recklessness and negligent manner by failing to properly secure the load he was transporting prior to travelling on the highway.

12. A large piece of metal fell from the back of the truck Watts was driving on the Interstate 95.

13. The speed limit in the area where the piece of metal fell on to the highway is 65 miles per hour.

14. Plaintiff's car hit the metal object on the highway while driving approximately 65 miles per hour. Plaintiff's car flipped multiple times as it left the highway before coming to rest on the left side of the road.

15. Defendant Watts' failure to safely secure the load he was carrying and operate his truck in a responsible manner was the direct cause of the injuries suffered by Plaintiff.

16. By reason of the aforesaid carelessness, recklessness and negligence of the Defendants Carolina Supreme Trucking and Watts, the Plaintiff suffered severe personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of his body, as well as, severe emotional trauma, any and all of which may be permanent and all of which caused him great physical pain and mental anguish, with respect to the following, including but not limited to his: head, neck, back, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

17. As a result of this accident, Plaintiff has been obliged to received and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries suffered and to incur various expenses for said treatment and services.

18. As a further result of this accident, Plaintiff may incur various reasonable and necessary future medical expenses from the injuries sustained, all to his great detriment and loss.

## COUNT
## NEGLIGENCE
## PLAINTIFF V. DEFENDANTS

18. Plaintiff incorporates by reference and makes part hereof the preceding paragraphs of this Complaint as though fully set forth at length.

19. The carelessness, negligence and recklessness of Defendants Watts and Carolina, whether individually or jointly, consisted of the following:

 a. Hiring inexperienced drivers;

 b. Failing to properly maintain said vehicle;

 c. Failing to properly perform pre-trip and post-trip inspection of said truck;

 d. Failing to properly train Defendant Watts in performance of safety inspections, and the operation and use of said truck;

 e. Failing to properly supervise Defendant Watts;

 f. Placing corporate profits over public safety resulting in vehicles being operated on the roadway which were unsafe;

 g. Acting recklessly by placing corporate profits over public safety by creating an environment and enforcing its policy for its products to be delivered as fast as possible in reckless disregard of the safety of motorists;

 h. Acting with reckless disregard to the interests of individuals on the highway by placing corporate profits over public safety by enforcing a policy that stressed speed of delivery, knowing that subject policy foreseeably creates reckless and outrageous conduct of its drivers resulting in car crashes;

 i. Operating said truck at a high and excessive rate of speed under the circumstances;

 j. Operating said truck in a reckless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff;

 k. Otherwise failing to exercise due and proper care under the circumstances;

 l. Failure to pay attention while operating said truck; and

 m. Failing to Secure a Load, in violation of Virginia Code §46.2-1156.

20.     Due to the negligence, recklessness and carelessness as stated above, Defendants, increased the risk of harm to Plaintiff, thereby causing the injuries and damages as set forth above.

21.     As a result of the negligence of Defendants, Plaintiff suffered severe, permanent and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of his body, as well as, severe emotions upset, any and all of which may be permanent and all of which caused him great physical pain and mental anguish, with respect to the following, including but not limited to: neck and back, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

22.     As a further result of his injuries, Plaintiff has or may sustain permanent diminution in his ability to enjoy life's pleasures.

23.     As a further result of the aforementioned accident, Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation, inconveniences and loss of life's pleasures, and may continue to suffer same for an infinitive time in the future.

24.     As a direct result, Plaintiff has been unable to attend to his daily chores, duties, and occupation and may be unable to do so for an indefinite period of time.

## DEMAND FOR JURY TRIAL

25.      Plaintiff demands a jury trial.

WHEREFORE, Plaintiff Powell J. Bernhardt, IV, demands damages of Defendants Timothy Watts and Carolina Supreme Trucking, in a sum in excess of $75,000.00, plus interest, costs counsel fees, punitive damages and any other further relief it may deem just and proper.

Respectfully submitted,

**MINCEY FITZPATRICK ROSS LLC**

<u>/s/ Riley H. Ross III</u>
Riley H. Ross III, Esquire
VA Attorney I.D.#4498
1650 Market Street, Suite 3600
Philadelphia, PA 19103
riley@minceyfitzross.com
(215) 587-0006 (office)
(215) 587-0628 (fax)
*Attorney for Plaintiff*

## **<u>VERIFICATION</u>**

I, Riley H. Ross III, Esquire, am the counsel for Plaintiff in the herein matter and certify that the statements set forth in the attached Civil Action Complaint are true and correct to the best of my information, knowledge, and belief. I further understand that all statements set forth herein are subject to the prohibitions set forth in 18 Pa. C.S.A 4904, relating to unsworn falsification to authorities.


Dated: July 21, 2023